J-S82008-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES W. MARTIN, | |
| Appellant | No. 1872 WDA 2016 |

Appeal from the PCRA Order Entered November 30, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0011227-1986
CP-02-CR-0011427-1986
CP-02-CR-0011428-1986
CP-02-CR-0011429-1986
CP-02-CR-0011430-1986
CP-02-CR-0011985-1986
CP-02-CR-0012096-1986
CP-02-CR-0012097-1986

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.[*], and STRASSBURGER, J.[**]

MEMORANDUM BY BENDER, P.J.E.:                    FILED MARCH 7, 2018

Appellant, James W. Martin, appeals pro se from the post-conviction court's November 30, 2016 order denying, as untimely, his third petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.
[**] Retired Senior Judge assigned to the Superior Court.

The facts of Appellant's underlying convictions are not necessary to our disposition of his appeal. The PCRA Court summarized the procedural history of Appellant's case, as follows:

This matter arises out of [Appellant's] conviction after a jury trial of robbery and other various offenses on September 1, 1987. The Superior Court affirmed the judgment of sentence on [October 13, 1988,] and a Petition for Allowance of Appeal was denied on April 25, 1989. [Appellant] filed a [PCRA] Petition on August 24, 1990[,] and after a hearing[,] PCRA relief was denied on October 16, 1991. The denial of PCRA relief was affirmed by the Superior Court on September 21, 1992[,] and [Appellant's] Petition for Allowance of Appeal to the Supreme Court was denied on April 13, 1993. On January 16, 1997[, Appellant] filed a second PCRA Petition which was dismissed on June 5, 1997. No direct appeal was taken.

On September 10, 2016[, Appellant] filed the instant ["]Motion for the Court to Proceed on Petition for Writ of Habeas Corpus Ad Subjiciendum.["] [Appellant's] Writ raised the following claims:

(1) the prosecutor violated [Appellant's] procedural due process rights by charging robbery generally;

(2) the [c]ourt was biased, influenced by publicity or political pressure, and imposed a harsh sentence due to the presence of Michelle Madoff at [Appellant's] sentencing;

(3) the [c]ourt erred and/or abused its discretion in imposing a sentence at CP-02-CR-0011429-1986 which was greater at Counts 1, 2, 4 and 5 than the sentence at Count 3 when all of said counts involved the same degree/grade of Robbery;

(4) the [c]ourt did not have the statutory authorization to impose the 57-114 year[] sentence of imprisonment rather than confinement;

(5) the [c]ourt erred in imposing a sentence disproportionate to the crimes;

(6)     the sentences violate [Appellant's] rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution to due process and equal protection;

(7)     the [c]ourt abused its discretion in imposing a sentence outside the guideline range; and

(8)     the Pennsylvania Department of Corrections lacks authority to maintain custody of [Appellant] as it does not possess the commitment documents required by 42 Pa.C.S. [§] 9764.

An order was entered on September 26, 2016[,] appointing counsel.  On October 11, 2016[,] counsel filed a Motion for Leave to Withdraw as Counsel Under Turner/Finley[1] and a supporting brief.  On November 15, 2016[,] an order was entered granting counsel leave to withdraw and notifying [Appellant] of the intent to dismiss the Writ without a hearing as the Writ raised claims cognizable under the PCRA that were untimely and that he failed to meet any of the exceptions under 42 Pa.C.S. § 9545(b)(1).  In addition, the Notice of Intent to Dismiss stated that the claim that the Department of Corrections lacked authority to maintain custody of him, as it did not possess the commitment documents required by 42 Pa.C.S. § 9764, was without merit.

[Appellant] filed a response to the [Notice of Intent to Dismiss] on November 20, 2016[,] indicating that the claims were not cognizable under the PCRA…, but [were] covered by the Writ of Habeas Corpus and requesting that the Writ be referred … to the Civil Division.  After review of [Appellant's] response[,] the order was entered on November 30, 2016[,] dismissing his Petition.

PCRA Court Opinion (PCO), 6/27/17, at 2-3 (footnote omitted).

_____

[1]  Commonwealth  v.  Turner,  544  A.2d  927  (Pa.  1988),  and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Appellant filed a timely, pro se notice of appeal. On December 14, 2016, the PCRA court ordered him to file a Pa.R.A.P. 1925(b) statement within 21 days. According to the PCRA court, Appellant "filed his Concise Statement" on January 3, 2017. PCO at 1. On June 27, 2017, the court issued a Rule 1925(a) opinion. Herein, Appellant raises the following four issues for our review:

> A. Whether the [PCRA] court erred in construing or dismissing [Appellant's] writ of habeas corpus ad sudjiciendum [sic] as a [PCRA] petition[?]
>
> B. The Commonwealth's attorney violated [Appellant's] procedural due process of law right's [sic][?]
>
> C. The court did not have statutory authorization to inpose [sic] the sentence of 57-114 years['] imprisonment.
>
> D. [Appellant's] 5th [and] 14th constitutional rights, amendments [and] due process right were violated.

Appellant's Brief at 4.

Initially, we must address whether Appellant preserved his issues for our review. While the PCRA court states that Appellant "filed" his Rule 1925(b) statement on January 3, 2017, the docket in the certified record indicates that Appellant's concise statement was not filed until July 26, 2017. Thus, it appears that Appellant served the court with his Rule 1925(b) statement in January, but he did not file that document until July. In *Greater Erie Ind. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222 (Pa. Super. 2014) (en banc), this Court declared that,

> it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial

court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." Hess v. Fox Rothschild, LLP, 925 A.2d 798, 803 (Pa. Super. 2007) (citing [Commonwealth v.] Castillo, 888 A.2d [775,] 780 [(Pa. 2005)]) (emphasis in original); see Feingold v. Hendrzak, 15 A.3d 937, 940 (Pa. Super. 2011).

Id. at 225. The Greater Erie panel also stated that,

there are still operative exceptions to Rule 1925(b) waiver with regard to timeliness. "[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order."

Id. (citations omitted).

In this case, the PCRA court's Rule 1925(b) order complied with the requirements of Rule 1925(b)(3)(i)-(iv). In particular, the order directed Appellant "to file and serve upon the undersigned" his concise statement. PCRA Court Order, 12/14/16, at 1 (emphasis added). The order also informed Appellant that "[a]ny issue not properly included in the Concise Statement timely filed and served pursuant to this Order shall be deemed waived." Id. (emphasis added). This Court has explicitly stated that, "[i]f an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived – even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement." In re L.M., 923 A.2d 505, 509 (Pa. Super. 2007) (citation omitted; emphasis added). Accordingly,

because the record demonstrates that Appellant did not timely file his Rule 1925(b) statement, we are compelled to deem his issues waived.[2]  See Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Greater Erie, supra.

In any event, even if Appellant had timely filed his Rule 1925(b) statement, we would conclude, for the following reasons, that the PCRA court's denial of his petition is supported by the record and free from legal error.  See Commonwealth v. Ragan, 923 A.2d 1169, 1170 (Pa. 2007) (stating that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error).

In Appellant's first issue, he contends that the PCRA court erred by treating his writ of habeas corpus as a PCRA petition.  Appellant essentially avers that the PCRA statute unconstitutionally suspends the writ of habeas corpus for petitioners, such as Appellant, who file their claims beyond one year after their judgment of sentence becomes final.  In other words,

_____

[2] We note that, because Appellant is proceeding pro se, we may not remand for the nunc pro tunc filing of a Rule 1925(b) statement under Rule 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.").

Appellant maintains that the PCRA's subsuming the writ of habeas corpus, and then imposing a timeliness requirement on petitioners, has deprived untimely petitioners of their right to access the courts. See Appellant's Brief at 8.

Our Supreme Court rejected this same argument in Commonwealth v. Peterkin, 722 A.2d 638 (Pa. 1998). There, "the Court considered the [PCRA's] one-year time bar in the context of the provision of the Pennsylvania Constitution restricting the government's ability to suspend the privilege of the writ of habeas corpus, see PA. CONST. art. I § 14, concluding that the timing requirement represented a reasonable restriction." Commonwealth v. Brown, 943 A.2d 264, 268 (Pa. 2008) (citing Peterkin, 722 A.2d at 642). Accordingly, in light of Peterkin, we would conclude that Appellant's argument in his first issue is meritless.

In Appellant's second issue, he avers that the Commonwealth violated his procedural due process rights because "he was charged, tried and convicted on an open charge of general robbery" and, therefore, not "fairly apprise[d]" of the specific charges he faced. Appellant's Brief at 10. Because Appellant is raising this claim in a patently untimely PCRA petition (filed over 27 years after his judgment of sentence became final), he must prove that one of the following timeliness exceptions applies to his due process claim:

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant makes no attempt to identify any timeliness exception that applies to his due process claim. Additionally, we fail to see how he could possibly demonstrate that he met the 60-day requirement of section 9545(b)(2), where he was obviously aware of the manner in which the Commonwealth charged him at the time of his trial in 1987. Accordingly, we would not have jurisdiction to review this claim, even had Appellant preserved it in a timely Rule 1925(b) statement. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007) (stating that the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).

- 8 -

The same is true for Appellant's next issue, which includes arguments pertaining to both his claims labeled (C) and (D), above. Specifically, Appellant alleges that the trial court imposed an excessive sentence, failed to consider the requisite factors in fashioning his term of incarceration, and was improperly influenced by "political pressure." Appellant's Brief at 13.[3] Again, Appellant has wholly failed to identify any timeliness exception that applies to these sentencing arguments, or make any claim that he could satisfy the 60-day requirement of section 9545(b)(2). Consequently, even if preserved below, we would not have jurisdiction to review the merits of Appellant's sentencing claims. See Bennett, supra.

In sum, Appellant has waived his issues by not filing a timely Rule 1925(b) statement. Nevertheless, we would also conclude that he has not demonstrated that any timeliness exception applies to his claims. Accordingly, we affirm the PCRA court's order denying his untimely petition.

_____

[3] We note that these arguments challenge the discretionary aspects of Appellant's sentence. Our Court has previously treated such claims as being cognizable under the PCRA. See Commonwealth v. Taylor, 65 A.3d 462, 465-68 (Pa. Super. 2013) (recognizing "that an untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition[]") (citing Commonwealth v. Evans, 866 A.2d 442, 443 (Pa. Super. 2005), and Commonwealth v. Guthrie, 749 A.2d 502, 503 (Pa. Super. 2000)). Additionally, to the extent that any of his arguments could be construed as attacks on the legality of his sentence, he would still have to prove the applicability of a timeliness exception to permit our review. Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).

Order affirmed.

President Judge Emeritus Stevens joins this memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/2018